

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# USA v. Carstarphen

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Carstarphen" (2008). *2008 Decisions*. Paper 1618.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1618

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3136
_____


UNITED STATES OF AMERICA

v.

RONALD CARSTARPHEN,

Appellant


_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 05-cr-00467-02)
District Court: Hon. Mary A. McLaughlin
_____


Submitted Pursuant to  Third Circuit LAR 34.1 (a)
December 6, 2007

BEFORE:  McKEE, CHAGARES and HARDIMAN, Circuit Judges

(Opinion Filed: February 12, 2008)


_____


OPINION


_____

McKee, <u>Circuit Judge</u>

Ronald Carstarphen appeals the sentence that was imposed following his guilty plea arguing that it was unreasonable. For the reasons that follow, we will affirm the sentence.

**I.**

Inasmuch as we write primarily for the parties, it is not necessary to recite the facts of this case.[1] Carstarphen's challenge to his sentence relies on *United States v. Booker*, 543 U.S. 220 (2005).

Carstarphen acknowledges that the district court appeared to comply with the methodology for imposing sentences after *Booker* that we prescribed in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). Appellant's Br. at 12-13. We agree. The court significantly reduced the sentence suggested by the advisory guideline range based upon the defendant's cooperation and the government's "5K1" motion. In imposing sentence the court explained that it was concerned with the defendant's criminal history "from the time [he was] very young just showing no consideration to what the law requires."[2] However, the court went beyond the mere numbers and appropriately considered his age at the time of his

---

[1] The government initially filed a motion to dismiss Carstarphen's appeal based upon the appellate waiver that was part of his plea agreement. We are now informed that the government has withdrawn that motion. *See* Appellee's Br. at 2.

[2] The defendant correctly argues that his prior convictions are already incorporated into the advisory guideline range the court used in calculating his sentence.

2

prior offenses. The court was also clearly concerned with the callous nature of the offense of conviction and the psychological trauma his actions inflicted on his victim.

The resulting sentence includes a 50% reduction for his cooperation, yet is still sufficiently incapacitive to address the need to protect the public and underscore the seriousness of this offense. It is thus clear from the sentence as well as the court's explanation at sentencing that the court properly considered the factors contained in 18 U.S.C. § 3553(a), and Carstarphen does not argue to the contrary except to argue that the resulting sentence was "unreasonable." The record is to the contrary.

Accordingly, we will affirm the judgment of sentence.